**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PRESTIGE FEED PRODUCTS, LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| VILLAGE OF MOUNT PROSPECT, an Illinois municipal corporation, MICHAEL J. CASSADY in his capacity as Village Manager, WILLIAM SCHROEDER in his capacity as Village Director of Building & Inspection Services, and PAUL Wm. HOEFERT in his capacity as the Village Mayor, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendants Village of Mount Prospect, Michael J. Cassady, William Schroeder, and Paul Wm. Hoefert ("Defendants"), by and through their attorneys, Klein, Thorpe & Jenkins, Ltd., and pursuant to 28 U.S.C. §§ 1441, 1443, and 1446, hereby remove this cause of action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendants state the following:

1.  On March 28, 2025, Plaintiff Prestige Feed Products, LLC ("Plaintiff") filed a Complaint against Defendants in the Circuit Court of Cook County, Law Division under Case No. 2025 L 004369. *See Plaintiff's Complaint*, attached as **Exhibit A**. Copies of all other documents filed in Case No. 2025 L 004369 as of the time of filing this Notice are also hereto attached as **Exhibit B**.

2.  Counts I and II of Plaintiff's Complaint assert state law claims for declaratory judgment and injunctive relief. Ex. A at 21-24. Counts III and IV of Plaintiff's Complaint assert

1

section 1983 claims for due process and equal protection violations under the Fourteenth Amendment, and Count V asserts a *Monell* claim. *Id*. at 24-31.

3. Plaintiff's state law claims (Counts I and II) are identical to claims that Plaintiff previously brought, and which are being actively litigated, in a separate lawsuit currently pending before Judge Thomas Donnelly in the Circuit Court of Cook County under Case No. 2023 CH 05147. In that case, Plaintiff sought leave to file an amended complaint to add the three federal claims it now brings in Counts III, IV, and V, which was denied. After Judge Donnelly denied that request, Plaintiff filed its proposed amended complaint as an entirely new lawsuit (Case No. 2025 L 004369).

4. On April 8, 2025, the undersigned informed Plaintiff's counsel that Defendants would be seeking to remove the newly filed case to federal court and defense counsel also raised its concerns about the duplicative claims. *See Email Correspondence*, attached as **Exhibit C**. A few days later, on April 11, 2025, Plaintiff filed a motion to consolidate Case No. 2025 L 004369 under Case No. 2023 CH 05147. *See* Ex. B at 27-33. This motion to consolidate is noticed for presentment on April 22, 2025 (*Id*. at 302) and has not yet been ruled on.

5. While Defendants desire to make the Court aware of this information for the sake of completeness, they in no way believe that Plaintiff's pending motion affects or alters Defendant's right to continue its pursuit of removing Case No. 2025 L 004369 to federal court.

6. Pursuant to 28 U.S.C. § 1343, district courts have "original jurisdiction of any civil action authorized by law to be commenced by any person…to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States…." 28 U.S.C. § 1343(a)(3).

7.      Section 1343 also provides original jurisdictions over suits "to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights," which would include 42 U.S.C. § 1983. 28 U.S.C. § 1343(a)(4)

8.      Under section 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a).

9.      This Notice of Removal is timely filed under 28 U.S.C. § 1446, as Defendants first received notice of the state court action on March 28, 2025.

10.     The United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Counts III, IV, and V are brought under 42 U.S.C. § 1983 and seek to redress alleged constitutional violations.

11.     This Court has supplemental jurisdiction over the pendant state law claims alleged in Counts I and II pursuant to 28 U.S.C. § 1367. However, it should be noted that Defendants intend on seeking dismissal of these counts as a matter of course because they are identical to the claims raised by Plaintiff in its other pending state court matter (Case No. 2023 CH 05147).

12.     Based on the foregoing, Defendants respectfully seek removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, Defendants respectfully request the removal of this cause of action from the Circuit Court of Cook County, Illinois to the Northern District of Illinois, Eastern Division, and any further relief the Court deems necessary and proper.

Respectfully submitted,

s/ *Anthony G. Becknek*

Anthony G. Becknek
One of Defendants' Attorneys

Anthony G. Becknek (agbecknek@ktjlaw.com)
Colleen M. Shannon (cmshannon@ktjlaw.com)
Klein, Thorpe & Jenkins, Ltd.
120 S. LaSalle Street, Suite 1710
Chicago, Illinois 60606
(312) 984-64002

4